## Barnet Kessel v. Elias Mayer.

### Gen. No. 11,765.

1. FORCIBLE ENTRY AND DETAINER—*approved form of instruction in action of.* An instruction as follows: "The court instructs the jury that if you believe from the evidence that the defendant is holding possession of the premises in question without right, and after the determination of a lease of the said premises, then you must find the issues for the plaintiff,—" approved.

2. FORCIBLE DETAINER—*when judgment in, not void.* Where the verdict in an action of forcible entry and detainer finds the defendant guilty of withholding the entire premises involved in the suit, while it

was undisputed that he withheld but a portion of such premises, a judgment which gives restitution of that part only which he did withhold, is good.

3. INSTRUCTION—*when particular phrase contained in, cannot be complained of.* Where an instruction contains a particular phrase which it is alleged was liable to mislead the jury, no complaint thereof can be successfully interposed where other instructions adequately define the meaning of such·phrase.

4. BRIEF—*effect of admission by.* Counsel cannot successfully complain of a lack of proof as to a particular matter in issue where in his brief he has admitted the existence of such fact.

5. JUDGMENT—*when scope of, cannot be urged as error.* Where a judgment in an action of forcible entry and detainer gives to the plaintiff less than the verdict, the appellant cannot complain (unless the verdict itself was wrong).

Action commenced before justice of the peace.    Appeal from the Circuit Court of Cook County; the Hon. EDWARD O. BROWN, Judge, presiding.    Heard in this court at the March term, 1904.    Affirmed.    Opinion filed February 20, 1905.

B. M. SHAFFNER, for appellant.

MENZ I. ROSENBAUM, for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

The judgment of a justice of the peace in a forcible detainer suit between the parties hereto was appealed to the Circuit Court. The cause was there tried, and a verdict rendered finding appellant guilty of unlawfully withholding possession "of premises known as number 346 South Halsted street, Chicago; and that the right to the possession of said premises is in the plaintiff."

As shown by the record, the premises described in the complaint are the "store, basement, and living rooms at rear of second floor of premises 346 So. Halsted street, Chicago." The judgment of restitution followed the description contained in the complaint.

Appellant does not argue the facts in this court, but for grounds for reversal depends upon alleged errors committed by the trial judge.

The following instruction was given at the request of

appellee:   "The court instructs the jury that if you believe from the evidence that the defendant is holding possession of the premises in question without right, and after the determination of a lease of the said premises, then you must find the issues for the plaintiff."    Appellant contends that the phrase " without right" contained in this instruction is unintelligible even to the legal mind, and it is quite problematic in what light the jury viewed it, or what effect it had in the rendition of the verdict.    A sufficient answer to this objection is found in par. 4, sec. 2, ch. 57, R. S., 1903, Hurd, which reads:   " The person entitled to the possession of the lands or  tenements may be restored thereto in the manner hereinafter provided when any lessee of the lands or tenements or any person holding under him, holds possession without right, after the determination of the lease or tenancy by its own limitation, condition or terms, or by notice to quit or otherwise."

Further, the court at the request of appellant gave an instruction to  the jury setting forth the particulars of the verbal lease  under  which appellant claimed possession of the premises, and thereby  cleared away  the doubt, if any doubt existed, as to  the meaning of  the phrase "without right."    Stringham v. Parker, 159 Ill. 310;  Calumet Dock Co. v. Morawetz, 195 Ill. 406.

Counsel for appellant next contends that under the facts of this case it  was necessary  to a recovery  that appellee should  show  that appellant  was in  possession  of these premises at the time the suit  was brought, and that as appellee  failed so to do, we must reverse this case.    Counsel for appellant  answers  this contention  under point III in his brief, where he says: " The defendant was in possession of only a portion of such building, to-wit, the store, basement and living rooms at rear of the second floor, properly set out in the complaint filed before the justice."    Comment is  unnecessary.

The third and last point made by appellant is that " the verdict is void and the judgment predicated thereon cannot stand."    This proposition is  based upon the undisputed

fact that appellant occupied but part of the premises, while the verdict finds him guilty of withholding the entire premises. It will be noted that the judgment in this case follows the complaint and gives restitution of that part only of the premises which were in the actual possession of appellant; but if the judgment had followed the verdict and required the surrender of the entire premises, it would still be good, under the authority of Hardin v. The County of Sangamon, 71 Ill. App. 103, and of Bussen v. Dickson, 97 Ill. App. 310.

Again, appellant will not be heard to say that the judgment is less than the verdict. He is not injured thereby, and therefore is in no position to complain. Foos v. Sabin, 84 Ill. 567.

The judgment of the Circuit Court is affirmed.

*Affirmed.*

Mr. Justice BROWN took no part in the decision of this case.